JOHN MOODY vs. INHABITANTS OF NEWBURYPORT.

Where a town votes that its assessors shall be allowed a certain gross sum for their services during the year, they are not entitled, by the Rev. Sts. c. 7, § 45, to one dollar a day in addition to the sum thus voted.

Assessors are entitled to the statute compensation of one dollar a day, for every day that they are employed as such, although it exceeds the sum which the town may have voted as their compensation : And if the sum thus voted exceeds the statute compensation, they are entitled to such sum ; but they are not entitled to such sum and also to the statute compensation, unless it appears from the terms of the vote of the town that the sum voted was intended to be in addition to one dollar a day.

THIS was an action of debt, and was submitted to the court upon the following facts agreed by the parties :

" On the 27th of March 1837, said Moody was duly chosen by said inhabitants to be one of their assessors for the year ensuing, together with Jacob Stickney Jr. and Moody Pearson, as his associates ; and said Moody was duly qualified as such assessor on the 29th of said March, and thereupon entered upon the duties of said office, and duly performed the same for the municipal year commencing in said March.

" The following regular vote was passed by said inhabitants on the 4th of April 1837 : ' That the assessors be allowed one hundred and eighty dollars for their services the current year, with the addition of twenty dollars, should they take a census of the inhabitants of the town the present year.' At the same time, it was also voted by said inhabitants, ' to grant and raise the sum of $ 13,500 for the support of schools, maintenance of the poor, repairing highways, paying interest on the town debt, and all necessary charges arising within the town ; to be assessed on the polls and property therein conformably to law ;' and in said estimate and appropriation of $ 13,500, the sum of $ 200 was specified for the compensation of the three assessors ; and there was no other reference to the subject. There was, however, an estimate and appropriation, in said $ 13,500, of $ 728 ' to meet incidental expenses.'

" The said assessors did in fact take a census of the inhabitants for said year, in addition to the ordinary services of the year.

" Said Moody claims of said inhabitants, under the Revised Statutes, c. 7, § 45, for the whole of his said services, one dollar per day for every whole day he was so employed, whether in the ordinary or extraordinary duties devolved on him as such assessor, and also, in addition thereto, his proportional part of the $200 appropriated by said inhabitants, as above, for the compensation of said assessors.

" The said inhabitants allege, that said $200 was intended by them as in full for said services, and to cover the whole legal claims of said assessors, and not as in addition to one dollar per day under the revised statutes : And that in fact, said Moody has already received from said inhabitants, for his said services, one dollar, and more, for each and every day alleged or claimed by him to have been employed by him in the duties, whether ordinary or extraordinary, of said assessorship, as by his account, hereto annexed, appears :

The Town of Newburyport                              to John Moody     Dr.

1837.   To my services as one of the assessors for the year 1837,
         63⅙ days, at $1 per day,   .   .   .   .   .   .   $63·16⅔
         As allowed by a vote of the town for the ordinary duties
         and taking a census of the inhabitants, as required by
         law, two hundred dollars, — one third of which is,        66·66⅔
                                                                 $129 83⅓
         Cr.   By one third of one hundred and ninety dollars,    63 33⅔
                                        Balance due,            $ 66·50⅔

" If the court should be of opinion, that said Moody is not entitled to any more than his share of said $200 as already by him received, then he is to be nonsuited. If otherwise, then judgment is to be entered for a sum to be ascertained by an assessor."

*Lunt*, for the plaintiff.

*C. Cushing*, for the defendants.

SHAW, C. J.   In a suit by an assessor for a compensation for his services, the plaintiff claims one dollar per day as due to him by force of the Rev. Sts. c. 7, § 45, and also the compensation voted by the town. The statute provision is, that " each assessor shall be paid by his town the sum of one dollar a day,

for every whole day that he shall be employed in that service, together with such other compensation as the town shall allow." The question depends on a true construction of this statute.

One of the useful means of construing a statute is, to regard the purpose intended to be accomplished by the legislature, by such enactment. It appears to us, that the object of the legislature was, to provide some compensation for assessors, and yet not put it out of the power of towns and cities to allow a larger compensation, should they think fit to do so. Various duties are required of assessors, in which the whole community have an interest ; especially when a general valuation is to be made, or a state tax assessed ; and therefore it was considered fit, that the legislature should name some compensation. But it was manifest that what would be an adequate compensation in some places, would be inadequate in others. But if the law had fixed a scale of compensation, it would have been doubtful whether a town would have power to enlarge it. We think, therefore, the law was so framed as to secure a moderate compensation in all cases, without abridging the power of the town to enlarge it. The result of this view is, that when the compensation of one dollar a day would exceed the sum voted, the assessor would be entitled to receive it, without regard to the vote ; but if the sum voted should exceed the statute rate, the excess is a sum *other* than the statute provision, and the assessor is entitled to it. But to enable the assessor to claim both, it must appear by the terms of the vote, that the town had the statute provision in view, and intended that the sum voted should be in addition to the statute provision. The terms "such other compensation" are equivalent to the words, " such further compensation," "such compensation beyond the statute provision," or "such sum over and beyond what the compensation would amount to, computed at one dollar a day." It is the excess, which constitutes such *other* compensation, unless expressed in the vote that the sum voted is in addition to the statute allowance.